**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ERNESTO HERNANDEZ-AQUINO, | No. 08-72146 |
| Petitioner, | Agency No. A098-793-497 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Carlos Ernesto Hernandez-Aquino, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's determination that the threats gang members made against Hernandez-Aquino did not constitute persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Hernandez-Aquino failed to establish past persecution or a well-founded fear of future persecution on account of an anti-gang political opinion or membership in a particular social group. *See Santos-Lemus*, 542 F.3d at 745-47. Accordingly, his asylum and withholding of removal claims fail. *See id*. at 748.

Hernandez-Aquino's CAT claim fails because he did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004).

Finally, Hernandez-Aquino's due process challenge to the BIA's summary affirmance fails because the BIA adopted and affirmed the IJ's decision in its

entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (stating that a *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

**PETITION FOR REVIEW DENIED.**